UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| DEVON WASHINGTON AND | § | |
| CODY SPARKS | § | |
|     Plaintiffs | § | |
| vs. | § | CIVIL ACTION NO. 7:19-CV-100 |
| | § | |
| HINKLIN PRESSURE WASHING, LLC | § | |
| AND JAMES T. HASTY IV | § | |
|     Defendants. | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiffs Devon Washington and Cody Sparks ("Plaintiffs") file this Original Complaint, and respectfully show as follows:

### I. PRELIMINARY STATEMENT

1.    Plaintiffs previously worked as employees for Defendant Hinklin Pressure Washing, LLC ("Hinklin"), which is owned and controlled by James T. Hasty IV (Hinklin and Mr. Hasty are collectively referred to as "Defendants").

2.    Plaintiffs bring this action to recover overtime compensation and minimum wage violations and all other available remedies under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201 et. se. (the "FLSA").

3.    For at least three years prior to the filing of this Complaint, Defendants willfully committed violations of the FLSA during Plaintiffs' terms of employment by failing to pay them for overtime hours worked in excess of forty hours per week at a rate of one-and-a-half times their regular rate of pay.

4. Plaintiffs also bring a claim for minimum wage violations under the FLSA.

## II. PARTIES

5. Plaintiffs are individuals residing in Texas.

6. Defendant Hinklin is a Texas Corporation with its Principal Place of Business in Austin, Texas. Hinklin may be served with process through its registered agent Tsunami Rig Wash, LLC, 8810 Cullen Lane, Austin, TX 78748, or where found.

7. Defendant James T. Hasty IV is an individual residing in Texas. Mr. Hasty may be served at 8810 Cullen Lane, Austin, TX 78748, or where found.

## III. JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et. seq. Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce..."

9. This Court has personal jurisdiction over Defendants because Defendants are Texas residents and have purposefully availed themselves of the benefits and protections of Texas by establishing minimum contacts with Texas. This Court's assertion of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because, as provided below, a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## IV. COVERAGE

11. At all relevant times times, Defendants have acted, directly or indirectly as employers or joint employers with respect to Plaintiffs.

12. At all relevant times, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

13. At all relevant times, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross sales volume of sales made or business done of not less than $500,000.

14. At all relevant times, Plaintiffs were employees for Defendants who were engaged in commerce or in the production of goods for commerce.

## V. FACTUAL BACKGROUND

15. Hinklin Pressure Washing is an oilfield services company. Hinklin Pressure Washing provides, *inter alia*, oilfield and pipeline pressure washing, hydro excavating, and super vac truck services. Plaintiffs were employed at Hinklin Pressure Washing as truck drivers.

16. Mr. Hasty is the owner and primary decision-maker at Hinklin Pressure Washing. In this capacity, Mr. Hasty is responsible for the day-to-day operations of Hinklin. Mr. Hasty is responsible for the wages to be paid to Plaintiffs, the work to be performed by Plaintiffs, the locations of work performed by Plaintiffs, the hours to be worked by Plaintiffs, and the

compensation policies with respect to Plaintiffs. Mr. Hasty also maintained the employment records of Hinklin and the power to hire and fire at Hinklin.

17. While employed by Defendants, Plaintiffs were paid hourly. The Plaintiffs drove large vehicles, but they also regularly drove and/or rode in F-250 chase trucks, and thus fall within the exception to the Motor Carrier Act Exemption as set forth under the Technical Corrections Act of 2008. Moreover, Plaintiffs are not subject to the Motor Carrier Act Exemption because they never crossed cross state lines. Indeed, Hinklin only conducts business in Texas. The Plaintiffs regularly drove two hours from the shop to the location of the work site and then back, for a total of at least four hours a day. While the Plaintiffs were driving for the Defendants, they were not compensated for their drive time, and thus were denied overtime pay in violation of the FLSA.

18. When Plaintiffs' employment ended and after they had completed all necessary work for Defendants, the Defendants reversed Plaintiffs' payroll checks after the checks had already been deposited into Plaintiffs' accounts. This meant that the Plaintiffs did not get paid anything for their last paycheck. As a result, they were not even paid the minimum wage, as required under the FLSA.

19. As set forth herein, Defendants have violated, and are violating, 29 U.S.C. § 206 by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA without paying them the minimum wage. Further, Defendants have violated, and are violating, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their

employment in excess of 40 hours per week at rates no less than one and a half times the regular rate for which he was employed.

20. No exemption excuses Defendants from paying Plaintiffs overtime rates under the FLSA. Defendants have failed to make a good faith effort to comply with the FLSA. Instead, Defendant knowingly, willfully or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation. Specifically, Defendants knew or should have known that Plaintiffs were working more than 40 hours per week, and Defendants consciously chose not to pay Plaintiffs overtime for the hours worked above 40 each week. Plaintiffs are entitled to liquidated damages (and Plaintiffs are entitled to go back three years for the FLSA claims) as a result of such conduct.

21. Pursuant to the FLSA, Plaintiffs are entitled to recover all reasonable attorney's fees and costs incurred in this action.

## VI. CAUSES OF ACTION

**Count One - Violation of the FLSA - Unpaid Overtime**

22. The foregoing allegations are incorporated herein by reference.

23. Plaintiffs were non-exempt employees of Defendants.

24. Plaintiffs are entitled to overtime pay for all hours in excess of forty worked during each seven-day workweek.

25. Defendants violated 29 U.S.C. § 201 et. seq. by failing to pay Plaintiffs overtime compensation at a rate of one-and-a-half times the appropriate regular rate.

26. While Plaintiffs worked as employees for Defendants, they were paid hourly and were not paid time-and-a-half for the overtime hours that they worked.

27. In further violation of the FLSA, Defendants failed to maintain accurate employee pay records, including the number of hours worked per workweek by Plaintiffs.

28. Plaintiffs seek all unpaid overtime compensation and an additional equal amount as liquidated damages, as well as reasonable attorney's fees, costs and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

**Count Two - Violations of the FLSA - Minimum Wage**

29. The foregoing allegations are incorporated herein by reference.

30. Plaintiffs are entitled to receive the minimum wage for all hours worked during their last paycheck cycle.

31. When Defendants reversed the Plaintiffs' payroll checks that had already been deposited into Plaintiffs' accounts, Defendants violated 29 U.S.C. § 206 et. seq. by failing to pay Plaintiffs minimum wage at a rate of $7.25 an hour for all hours worked.

32. When Plaintiffs worked as employees for Defendants, they were paid hourly and were not paid minimum wage for the hours they worked.

33. In further violation of the FLSA, Defendants failed to maintain accurate employee pay records, including the number of hours worked per workweek by Plaintiffs.

34. Plaintiffs seek all their minimum wage compensation as required by 29 U.S.C. § 206 et. seq.

**Count Three - Quantum Meruit**

35. The foregoing allegations are incorporated herein by reference.

36. Pleading further and in the alternative, Plaintiffs seek recovery from Defendants under the doctrines of quantum merit and unjust enrichment.

37. Defendants sought, received and accepted services from Plaintiffs.

38. Defendants had reasonable notice that Plaintiffs expected to receive payment for the services Defendants received.

39. Defendants will be unjustly enriched if allowed to retain the benefit of Plaintiffs' services without paying Plaintiffs for them.

40. Defendants' acceptance of Plaintiffs' services and failure to pay for them has caused Plaintiffs' damages, for which they now sue.

## VII. RELIEF SOUGHT

WHEREFORE, Plaintiffs respectfully request that Defendants be required to answer and appear, and that on final hearing, Plaintiffs be awarded:

a. Unpaid Unpaid overtime wages for all hours worked in excess of forty hours in a workweek at the rate of one and one-half times the employee's regular rate of pay;

b. Minimum wage for all hours worked during last paycheck cycle at a rate of $7.25 an hour;

c. Liquidated damages in an amount equal to the unpaid overtime compensation;

d. Attorney's fees, costs and expenses;

e. Pre- and post-judgment interest at the highest rates allowed by law; and

f. e. All other relief, at law or in equity, to which he, and others similarly situated, may be justly entitled.

Respectfully submitted,

By: <u>/s/ Josh Borsellino</u>
Josh Borsellino
State Bar No. 24045532
Borsellino, P.C.
1020 Macon St., Suite 15
Fort Worth, Texas 76102
Telephone: (817) 908-9861
Facsimile: (817) 394-2412
Email: josh@dfwcounsel.com